UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DWAYNE MILLER, | No. 2:22-cv-01094-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was in custody at the Amador County Jail. However, plaintiff does not indicate whether he was a pretrial detainee or

whether he had already been tried and convicted. Plaintiff names the Amador County Jail as the defendant in this action.

In claim one, plaintiff contends that he was denied his First Amendment right to freely practice his religion while in jail. Plaintiff does not indicate what religion he is, nor how he was prevented from exercising this religion.

In his second claim for relief, plaintiff raises an Eighth Amendment challenge to his conditions of confinement because he was placed in administrative segregation for an indefinite period of time and denied fresh air and law library access. Additionally, plaintiff was only released from his cell for one hour each day.

In his last claim, plaintiff asserts that his attorney-client privilege was invaded by jail officers who were present for all of his meetings with his attorney that occurred via Zoom video conferencing.

By way of relief, plaintiff requests compensatory damages.

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the complaint.

#### A. 42 U.S.C. §1983 Liability

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). "Persons" who may be sued under Section 1983 are "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). The local jail is not a "person" subject to suit under Section 1983 and, therefore, is not a proper party. Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person….'").

#### B. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**C. Monell Liability**

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

**D. Conditions of Confinement**

If plaintiff was a pretrial detainee while in administrative segregation, the Fourteenth Amendment governs his challenge to the conditions of confinement. "The more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted of a crime." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal quotations and citations omitted). The due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972).

If plaintiff was convicted at the time of the events giving rise to the complaint, the Eighth Amendment standard applies to his challenge to the conditions in administrative segregation. In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong,

which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

**E. Attorney Client Privilege**

"'Standing alone, the attorney-client privilege is merely a rule of evidence'" and not a free-standing constitutional right. Partington v. Gedan, 961 F.2d 852, 863 (9th Cir. 1992) (quoting Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir. 1985)). The Supreme Court has held that governmental intrusion into the attorney-client privilege is not sufficient by itself to

5

constitute a Sixth Amendment violation.  Weatherford v. Bursey, 429 U.S. 545, 558 (1977).  Thus, violation of the attorney-client privilege implicates the Sixth Amendment right to counsel only when the intrusion substantially prejudices the defendant.  See United States v. Irwin, 612 F.2d 1182, 1186-87 (9th Cir. 1980).  Prejudice occurs when "evidence gained through the interference is used against the defendant at trial," or results "from the prosecution's use of confidential information pertaining to the defense plans and strategy, from government influence which destroys the defendant's confidence in his attorney, and from other actions designed to give the prosecution an unfair advantage at trial."  Irwin, 612 F.2d at 1186-87.

Establishing prejudice resulting from a violation of the attorney-client privilege creates an additional difficulty when such claim is presented in a federal civil rights action pursuant to 42 U.S.C. § 1983.  If plaintiff claims that he was prejudiced because his criminal defense was compromised by the unlawful seizure of his attorney-client correspondence, any Sixth Amendment claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), for it would amount to a collateral attack on plaintiff's federal convictions.  Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding a Sixth Amendment challenge by a federal pretrial detainee to a local jail requirement that ad seg inmates obtain written permission from jail staff to call their attorneys was barred by Heck).  "The problem for plaintiff, however, is that if made this showing of prejudice would show that he was denied the effective assistance of counsel in his criminal trial, and thus call into question the validity of his underlying conviction."  Horacek v. Seaman, 2009 WL 2928546, at *10 (E.D. Mich. Sept. 10, 2009).  In other words, either the invasion of plaintiff's attorney-client conversations harmed his criminal defense, in which case the Heck bar would foreclose this action, or it caused no such harm, in which case no Sixth Amendment claim exists.

**IV.     Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  The only named defendant in this action is not a proper defendant in this § 1983 action because the Amador County Jail is not a "person."  See 42 U.S.C. § 1983.  To the extent that plaintiff is trying to allege municipal liability for his treatment

6

while at the Amador County Jail, he has not identified any custom or policy sufficient to properly plead a Monell claim against the County of Amador. Additionally, the court notes that plaintiff's first claim related to his right to freely practice his religion, appears to be duplicative of the claim he raised in Miller v. Amador County Jail, Case No. 2:21-cv-02226-DMC (E.D. Cal.), which was filed before the present action. Plaintiff is cautioned that he does not have the right to file two separate actions "involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). Plaintiff's challenge to his conditions of confinement are not linked to any municipal custom or policy or to any action of an individually named defendant. Therefore, they do not state a claim upon which relief may be granted. The third claim related to the violation of the attorney-client privilege does not raise a constitutional violation because plaintiff does not allege any substantial prejudice resulting therefrom. For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 16, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mill1094.14.docx